UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| PIERRE ANTONIO BYRD, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. CV416-065 |
| | ) | CR401-065 |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Guilty-plea convicted in 2001 for violating 18 U.S.C. § 922(g)(1), then sentenced to 180 months under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), Pierre Antonio Byrd moves for 28 U.S.C. § 2255 relief. Doc. 41.[1] The Court is preliminarily reviewing it under Rule 4 of the Rules Governing Section 2255 Proceedings.

Byrd pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and § 924(e). Doc. 19 at 1; *see also* doc. 22 at 1-2. This Court's June 18, 2001 judgment makes no mention of the specific 18 U.S.C. § 924(e) clause applied to Byrd when sentencing him,

---

[1] All citations are to the CR401-965 criminal docket unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

and the full sentencing transcript is not in the record. Doc. 27. The Presentence Investigation Report (PSI) calculated 180 months under the the ACCA, but likewise illuminates no such clause. PSI at 5. In his only § 2255 claim raised here, Byrd insists he was sentenced under § 924(e)(2)(B)(ii)'s residual clause. Doc. 41 at 4. He argues that because *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015), invalidated that clause, he must be released. *Id.* He asks that the Court note his timely filing and, if necessary, hold his motion in abeyance pending the U.S. Supreme Court's resolution of *Johnson's* retroactivity.[1] *Id.* at 12.

But Byrd overlooks the fact that his 2001, 180-month sentence was shortened to 120 months on March 29, 2005. Doc. 37 ("substantial assistance" reduction). Hence, if he is still incarcerated, it is not on the conviction and sentence challenged here -- that expired on June 18, 2011. This point is critical because it goes to jurisdiction under 28 U.S.C. § 2241:

---

[1] *See Welch v. United States*, ___ U.S. ___, 136 S.Ct. 790 (2016) (granting certiorari to decide "[w]hether [*Johnson*] announced a new substantive rule of constitutional law that applies retroactively to cases that are on collateral review."); *see also In re Johnson*, ___ F. 3d ___, 2016 WL 762095 at * 6 (11th Cir. Feb. 26, 2016) (holding an application for leave to file a successive § 2255 motion "in abeyance, pending the Supreme Court's decision in *Welch*."), *vacated for reh'g en banc*, ___ F.3d ___, 2016 WL 919483 (11th Cir. Mar. 10, 2016).

2

> "The federal statute gives the United States District Courts jurisdiction to entertain petitions for habeas relief only from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.' 28 U.S.C. § 2241(c)(3); *see also* 28 U.S.C. § 2254(a)." *Maleng v. Cook*, 490 U.S. 488, 490, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989). Accordingly, a petitioner "must be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Id.* at 490-91; *See also Young v. Warden, FCC Coleman*, 508 Fed. Appx. 918, 2013 U.S.App. LEXIS 2936, 2013 WL 530596, 2 (11th Cir. 2013) ("to satisfy the 'in custody' requirement, 'the habeas petitioner [must] be 'in custody' under the conviction or sentence under attack at the time his petition is filed.").
>
> A petitioner is not in custody "when the sentence imposed for that conviction has fully expired at the time his petition is filed." *Maleng*, 490 U.S. at 491; *See also Diaz v. State of Fla. Fourth Judicial Circuit*, 683 F.3d 1261, 1264 (11th Cir.2012) ("[petitioner's] state sentence had fully expired at the time he filed his § 2254 petition and therefore deprived the district court of jurisdiction to decide the petition's merits.").

*Hess v. State*, 2016 WL 626507 at * 2 (S.D. Ala. Jan. 20, 2016); *see also Serrato v. United States*, 2014 WL 6705459 at * 2 (N.D. Ga. Nov. 26, 2014) ("Because Movant no longer was in federal custody when he filed his § 2255 motion, this Court lacks jurisdiction to entertain it."); *Smith v. United States*, 2014 WL 5419866 at * 2 (N.D. Fla. Oct. 22, 2014) (because both federal sentence *and* supervised release term expired before movant filed his § 2241 motion, court lacked jurisdiction).

Byrd's sentence-reduction order concluded with this: "all provisions of the sentence previously imposed on Pierre Antonio Byrd

3

shall remain in effect." Doc. 37 at 2. The original judgment included a "supervised release for a term of 5 years." Doc. 22 at 3. Assuming that term commenced upon the June 18, 2011 expiration of incarceration, "*Maleng* custody" will expire on June 18, 2016. Byrd thus would still be "in custody," pursuant to his 2001 conviction, until that date.[2] Issues thus unfold here:

> (1) whether the sentencing start and end dates set forth above are correctly determined;
>
> (2) assuming they are correct, under what ACCA clause was Byrd sentenced?
>
> (2) if it was the "residual clause," is *Johnson* retroactive on collateral review?
>
> (3) whether, in light of *Welch* and the Eleventh Circuit's now-vacated *Johnson* case, *see supra* n. 1, Byrd's § 2255 motion should be held in abeyance (and if so, whether it should be dismissed for lack of jurisdiction if the retroactivity issue is not resolved by June 18, 2016).

The Court will hear from the Government within 30 days of the date this Order is served. Rule 4(b). Byrd is directed to furnish the United States Attorney in Savannah, Georgia, with copies of all further motions or papers that he files in this case. Meanwhile, his motion for

---

[2] "Custody," by the way, is not limited to physical incarceration. *Maleng*, 490 U.S. at 492; *see also Bilal v. Florida State Attorney General*, 2016 WL 164608 at * 3 (M.D. Fla. Jan. 14, 2016) (analyzing *Maleng* and Eleventh Circuit standards on what constitutes "custody").

4

appointment of counsel (he wants help litigating his *Johnson* claim) is **DENIED**. Doc. 39.

**SO ORDERED,** this  16th  day of, March, 2016.

_/s/ G.R. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA