# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| PIERRE ANTONIO BYRD, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. CV416-065 |
| | ) | CR401-065 |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Guilty-plea convicted in 2001 for violating 18 U.S.C. § 922(g)(1), then sentenced to 180 months under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1),[1] Pierre Antonio Byrd moves for 28 U.S.C.

---

[1] The ACCA:

> requires a minimum 15-year sentence when a defendant with three "violent felony" or "serious drug offense" convictions commits certain firearms offenses. 18 U.S.C. § 924(e). ACCA gives three definitions of "violent felony." First, § 924(e)(2)(B)(i) covers any offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another." This is known as the "elements clause." Second, § 924(e)(2)(B)(ii) covers any offense that "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." The first 9 words of that subsection are called the "enumerated crimes clause," and the last 13 are called the "residual clause."[1]

*In re Robinson*, ___ F.3d ___, 2016 WL 1583616 at * 1 (11th Cir. April 19, 2016).

§ 2255 relief. Doc. 41.[1] This Court's June 18, 2001 judgment makes no mention of the specific 18 U.S.C. § 924(e) clause applied to ACCA-enhance Byrd's sentence, and the full sentencing transcript is not in the record. Doc. 27. The Presentence Investigation Report (PSR) calculated 180 months under the ACCA, but likewise illuminates no such clause. PSI at 5.

In his only § 2255 claim, Byrd insists he was sentenced under § 924(e)(2)(B)(ii)'s residual clause. Doc. 41 at 4. He argues that because *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015), invalidated that clause, he has served enough of his sentence to require immediate release. *Id.* He asks that the Court note his timely filing and, if necessary, hold his motion in abeyance pending the U.S. Supreme Court's resolution of *Johnson's* retroactivity. *Id.* at 12.

The Court directed the Government to respond and confirm that Byrd -- whose 180-month sentence was shortened to 120 months on March 29, 2005, doc. 37 -- still met the custody requirement under 28 U.S.C. § 2241. Doc. 42, *reported at* 2016 WL 1050291. It did, and he does. Doc. 43 at 2. And since *Johnson* has since been declared

---

[1] All citations are to the CR401-965 criminal docket unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

retroactive, *Welch v. United States*, ___ U.S. ___, 136 S. Ct. 1257 (2016); *Robinson*, 2016 WL 1583616 at * 2, the Government raises no timeliness defense but instead addresses Byrd's ACCA claim on the merits. Doc. 43 at 4-10. It contends that he was sentenced under the ACCA's "enumerated offenses" clause (*see supra* n. 1), so *Johnson* does not apply. Hence, Byrd's § 2255 motion should be denied on the merits. Doc. 43.

Byrd does not dispute two of his ACCA predicate convictions, only his burglary conviction. Doc. 41 at 4 (insisting that "the district court found the petitioner's predicate offense of Burglary to be a 'violent felony' under § 924(e)(2)(B)(ii)' s residual clause" and that *Johnson* has since invalidated that). That burglary conviction was obtained under O.C.G.A. § 16-7-1:

> A person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he enters or remains within the dwelling house of another or any building, vehicle, railroad car, watercraft, or other such structure designed for use as the dwelling of another or enters or remains within any other building, railroad car, aircraft, or any room or any part thereof.

O.C.G.A. § 16-7-1(b) (version in effect from 1980-2012, *see* Georgia Laws 2012, Act 709, § 3-1, eff. July 1, 2012).

3

This Court determines whether a prior conviction qualifies as a predicate ACCA offense for burglary, arson, or extortion, by comparing the elements of the ACCA predicate offense to the elements of the prior conviction. *Descamps v. United States*, 570 U.S. ___, 133 S.Ct. 2276, 2281-82 (2013); *United States v. Howard*, 742 F.3d 1334, 1347 (11th Cir. 2014); *Roberson v. United States*, 2015 WL 3827098 at * 6 (S.D. Ga. June 18, 2015). "A prior conviction qualifies as an ACCA predicate offense only if the elements of the prior conviction are the same or narrower than the elements of the ACCA predicate offense. *Roberson* 2015 WL 3827098 at *6 (citing *Descamps*, 133 S.Ct. at 2281-82). "Because the ACCA does not specify the elements for the predicate offenses of burglary, arson, and extortion, courts apply the elements of these 'generic' crimes as commonly understood." *Id.*

O.C.G.A. § 16-7-1, as applied to Byrd (*see* doc. 43-3 at 2), "is divisible because a person can commit burglary by unlawful entry into not only a building or structure, but also a vehicle, railroad car, watercraft, or aircraft." *Roberson*, 2015 WL 3827098 at * 7; *accord Fail v. United States*, 2016 WL 1658594 at * 3 (S.D. Ga. Mar. 23, 2016). And even though § 16-7-1 is "non-generic" (*i.e.*, it sweeps more broadly than

4

the elements of a generic burglary, see *Fail*, 2016 WL 1658594 at * 3), it nevertheless qualifies as an ACCA predicate because, upon application of the modified categorical approach (and thus, a *Shepard* review[2] of the documents supporting Byrd's conviction), the Court finds that the State indicted him for, and he pled guilty to, entering "the dwelling house of another" (a personal residence).[3] Doc. 43-3 at 2-5. Accordingly, his burglary conviction qualifies as an ACCA predicate in support of his ACCA-enhanced sentence.

Byrd's § 2255 motion is therefore without merit.

## II. CONCLUSION

Pierre Antonio Byrd's § 2255 motion must be denied. Doc. 41. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation,

---

[2] "Those documents, known as *Shepard* documents, include the charging document, the plea agreement, the transcript of the colloquy between a judge and a defendant in which the factual basis for the plea was confirmed by the defendant, or some comparable judicial record of this information.' *Shepard v. United States*, 544 U.S. 13, 26, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005)." *United States v. Tendrich*, 2016 WL 519291 at * 1 (11th Cir. Feb. 10, 2016).

[3] Georgia law requires identification of the specific location of the burglary in both the indictment and the verdict. *Morris v. State*, 166 Ga. App. 137, 139 (1983) ("where the defendant is charged with burglary, the indictment must specify the location of the burglary, and contain some allegation regarding ownership of the burglarized premises."); doc. 21 at 5 n. 2 (collecting cases). That was done here. Doc. 43-3 at 2.

so no COA should issue. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2254 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added).

**SO REPORTED AND RECOMMENDED,** this __18th__ day of May, 2016.

                                       /s/ Smith
                              UNITED STATES MAGISTRATE JUDGE
                              SOUTHERN DISTRICT OF GEORGIA